UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KEVIN KARL KRUEGER,**

   Plaintiff,

  v.            Case No. 20-CV-1145

**ROXANNE HILL,**
**RANDOLPH HILL, and**
**NICOLE MILLER,**

   Defendants.

## SCREENING ORDER AND RECOMMENDATION THAT THE PLAINTIFF'S COMPLAINT AND THIS ACTION BE DISMISSED

  Plaintiff Kevin Karl Krueger, an inmate confined at Columbia Correctional Institution, filed a *pro se* complaint against Roxanne Hill, Randolph Hill, and Nicole Miller. This order and recommendation resolves Krueger's motion for leave to proceed without prepaying the filing fee and screens his complaint.

  **1. Motion for Leave to Proceed without Prepaying the Filing Fee**

  The Prison Litigation Reform Act (PLRA) applies to this case because Krueger was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then

pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 19, 2020, the court ordered Krueger to pay an initial partial filing fee of $13.21. (ECF No. 7.) Krueger paid that fee on September 4, 2020. The court will grant Krueger's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

*2.2 Krueger's Allegations*

Krueger murdered his wife, Tracy. *State v. Krueger*, 2016CF61 (Columbia Cnty. Cir. Ct.). In the present action Krueger seeks to sue Tracy's parents and sister because they allegedly lied to him about Tracy's adultery. He alleges that the adultery caused him to drink, which led to him being twice arrested for drunk driving. He also asserts that their actions led him to murder Tracy. Thus, he argues that they should pay him for the wages he has lost as a result of his incarceration as well as compensation of $50,000 to each of his and Tracy's two daughters. Finally, he seeks $10,000 for expenses he incurred for psychiatric treatment while incarcerated.

*2.3 Analysis*

Before the court can assess Krueger's claim it must assess its own jurisdiction. Federal courts have limited jurisdiction, which means they can hear only certain types of cases and under certain circumstances. One type of case that can be heard in federal court is a case that presents a "federal question," which is a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts can also hear civil actions when the dispute is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332.

Krueger asserts that his action comes under both statutes. (ECF No. 1 at 45.) However, his complaint contains no hint of any violation of federal law or the United States Constitution. Nor does he assert any plausible action under state law. A person is not liable in tort for lying about another's adultery or even for being complicit in adultery. *Cf.* Wis. Stat. § 768.01.

Notwithstanding this first defect, a federal court can hear an alleged violation of federal law only if all the defendants are citizens of a state different from the state in which the plaintiff is a citizen. Krueger is incarcerated in Wisconsin and thus a citizen of Wisconsin. He alleges that all the defendants are also citizens of Wisconsin. (ECF No. 1 at 2.) Consequently, the parties are not diverse. Therefore, even if Krueger could allege a plausible claim against the defendants under state law, any such claim could not be considered in federal court.

Further, the court finds that Krueger's complaint is both frivolous and malicious under 28 U.S.C. § 1915(g). A "frivolous" complaint "lack[s] an arguable basis either in law or fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim is *legally* frivolous if it is "based on an indisputably meritless legal theory." *Id.* (quoting *Neitzke*, 490 U.S. at 327-28). A "malicious" complaint is one brought for purposes of harassment. *Heard v. Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)).

The legal theory espoused in Krueger's complaint—that his former in-laws are responsible for his drunk driving convictions, psychiatric treatment, and his having

4

murdered his wife because they were allegedly complicit with Tracy's adultery—is an indisputably meritless legal theory. Moreover, because the claim is so completely lacking in merit, the only reasonable inference is that Krueger brought this action in an attempt to harass the surviving family of the person he murdered.

Finally, the court finds Krueger's assertion of federal jurisdiction to have been frivolous. *Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011). Despite explicitly alleging that he was asserting a violation of federal law (ECF No. 1 at 45), Krueger made no effort to refer to any purported federal basis for his claim. Additionally, despite asserting that his citizenship is different from that of every other defendant (ECF No. 1 at 45), he explicitly alleged that each defendant is a citizen of Wisconsin (ECF No. 1 at 2). Any one of these three independent reasons is sufficient to warrant the imposition of a strike. 28 U.S.C. § 1915(g).

3. **Conclusion**

**THEREFORE, IT IS ORDERED** that Krueger's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Court assess a "strike" against Krueger under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Krueger shall collect from his institution trust account the $336.79 balance of the filing fee by collecting monthly payments from Krueger's prison trust account in an amount equal

5

to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Krueger is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Krueger is confined.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 8th day of September, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge